IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| KIARRA GARY, : | |
| : | |
| Claimant, : | |
| : | |
| v. : | CASE NO. 3:11-CV-84-CDL-MSH |
| : | Social Security Appeal |
| MICHAEL J. ASTRUE, : | |
| Commissioner of Social Security, : | |
| : | |
| Respondent. : | |
| _____ | |

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, awarded Child Insurance Benefits to Claimant but denied her request for review of its decision to deny her application for a waiver of a previous overpayment of benefits. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. §§ 405(g) and (h). All administrative remedies have been exhausted.

### Administrative Proceedings

Plaintiff, Claimant's mother, applied for Child Insurance Benefits ("CIB") pursuant to 42 U.S.C. §§ 416(i)(1) and 423(a), on June 6, 1989, based on the earnings record of Leonard Hull, who was killed in a motor vehicle accident on April 29, 1989. (Pl's Mem. of Law, 1; ECF No. 11.) Claimant, who was born on May 12, 1989, was awarded CIB benefits, which was appealed by the deceased's widow, on behalf of her

minor child.  (Tr. 43; ECF No. 10.)  The Social Security Administration ("SSA") thereafter terminated Claimant's benefits and ordered reimbursement of the overpayment of CIB benefits in the amount of $5,113.00.  (*Id.*)  Plaintiff pursued her administrative remedies, resulting in an Appeals Council decision denying her claim on January 3, 1992. (Tr. 92.)  In October 1993, Plaintiff requested waiver of the overpayment ("waiver request").  (Tr. 50-59.)  After Plaintiff failed to attend a personal conference on the waiver request, the agency denied the request on June 30, 1994. (Tr. 64-66.)  The agency informed Plaintiff that if she disagreed with the decision, she had sixty days from receipt of the decision to file an appeal. (Tr. 65.)  The record fails to reveal any further action on the part of Plaintiff with respect to the June 30, 1994, denial of the waiver of overpayment.

On May 31, 2002, almost nine years later, Plaintiff filed a second application for CIB on behalf of Claimant, submitting a DNA test which confirmed with a 99.8% probability that the deceased was a biological relative of Claimant. (Tr. 33, 66A.)  Based on that evidence, the SSA determined that Claimant was entitled to CIB beginning that month, May 2002.  (Tr. 86-92.)  Plaintiff requested reconsideration of the decision, arguing that Claimant should have been awarded CIB back to May 1989, when she first applied for the benefits.  (Tr. 76, 82-85.)  The SSA denied the request for reconsideration on May 6, 2003. (Tr. 82-92.)  In May 2003, Plaintiff filed another request for waiver of the overpayment which had been assessed back in 1993.  The SSA found that review of the decision was barred by the principle of *res judicata.*  (Tr. 93-100.)

Thereafter, Plaintiff filed a request for a hearing before an administrative law

2

judge (ALJ), which was held on August 3, 2004. Following the hearing, the ALJ issued a decision on April 25, 2006, finding that Claimant was entitled to CIB as of May 2002. (Tr. 37-45). The ALJ also determined that Plaintiff's current waiver request was barred by res judicata because the agency had issued a previous decision on the same facts and evidence. (Tr. 45.) On January 18, 2007, the Appeals Council granted Plaintiff's request for review, vacated the ALJ's decision because the recording of the August 2004 hearing had been lost, and remanded the case to an ALJ for further proceedings. (Tr. 152C-152D.)

On November 6, 2007, a different ALJ held a hearing in Claimant's case. (Tr. 219-238.) The ALJ's decision dated May 30, 2008, determined that Claimant was not entitled to CIB on the Insured's earnings record because the DNA results were provided more than two and a half years after the deceased's death.[1] (Tr. 27-36.) The ALJ also found the current waiver request was duplicative of the previous waiver request denied in 1994, which was final and binding, and could not be considered. (Tr. 35.) The Appeals Council granted Plaintiff's request for review and vacated the ALJ's decision. (Tr. 209-211.)

---

1 The ALJ relied on the SSA's Acquiescence Ruling (AR 97-3(11) which stated that with regard to cases where the applicant resides in Alabama, Georgia, or Florida, "[w]hen adjudicating a claim for surviving child's benefits involving the establishment of inheritance rights under a State's intestacy law, SSA will allow a period of two and one-half years from the date of birth of the applicant for the commencement and resolution of legitimacy proceedings before applying a statutory requirement that requires an illegitimate child to establish paternity during the lifetime of the father. Adjudicators will continue to apply the other provisions of State intestacy law in effect on the date of the worker's death.

On April 15, 2011, the Appeals Council issued a decision finding Plaintiff was entitled to CIB retroactively to November 2001, six months before her current application for CIB was filed on May 31, 2002. (Tr. 4-11.) With respect to the waiver request, the Appeals Council found that the agency had previously considered the request and reconsideration of the waiver request was barred by *res judicata*. This appeal followed.

## DISCUSSION

The sole issue in this case deals with whether the denial of Claimant's claim for a waiver of overpayment of benefits in 1994 was in error. Plaintiff asks that the claim for overpayment be waived so that Claimant may receive the CIB benefits that were withheld following the award of benefits effective May 31, 2001. (Pl's Mem. 3.) The Commissioner, in response, argues that review of the decision to deny the waiver of overpayment is barred by *res judicata.* (Comm'r's Br. in Supp. 5.)

Legal *res judicata* bars a subsequent action if: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same. *Erickson v. Astrue,* 2009 WL 3126271 at *4 (M.D. Fla. 2009); citing *Jang v. United Techs. Corp.*, 206 F.3d 1147, 1149 (11th Cir. 2000). Administrative *res judicata* applies when the SSA makes a determination as to a claimant's rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action. *See* 20 C.F.R. § 404.957 (c)(1). *Res judicata* bars the filing of claims which were raised or could have been raised in an earlier proceeding. *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999).

As the Commissioner correctly noted in his brief, "[i]f the [Commissioner] finds *res judicata* applicable, that finding is generally unreviewable by the federal courts because it is not a "'final decision of the [Commissioner] made after a hearing' as required by the Social Security Act for federal jurisdiction." *Holland v. Heckler*, 764 F.2d 1560, 1562 (11th Cir. 1985) (citing 42 U.S.C. § 405(g) and *Califano v. Sanders*, 430 U.S. 99, 108 (1977)).

In this case, Plaintiff was notified after her initial application for waiver of the overpayment was denied on June 30, 1994, that if she disagreed with the SSA's decision, she had sixty days from receipt of the decision to file an appeal. None was filed.[2] Thus, the record is sufficient to establish that Plaintiff failed to exhaust her administrative remedies with regard to the waiver of overpayment claim.

In *Erickson v. Astrue*, the United States District Court for the Middle District of Florida determined in a similar case that the claimant's request for judicial review of the denial of his ten year old application for waiver of overpayment was precluded by "*res judicata* and/or barred under 404 U.S.C. § 405(g)" because he failed to seek review of the denial by filing a request for reconsideration within sixty days of the denial pursuant to 20 C.F.R. § 404.9.9(a). *Erickson v. Astrue*, No. 8:03-cv-859-T-TBM, 2009 WL 3126271 at *4 (M.D.Fla. Sept. 24, 2009). The same applies in this case. Plaintiff was notified that

---

[2] Plaintiff does not argue here that she did file an appeal, but notes that the SSA did not process her request for a hearing on the waiver of overpayment. (Pl's Mem. 5.) Plaintiff does admit that she failed to appear at the personal conference to discuss the waiver application. (*Id.*) Her application for a waiver was thereafter denied because it could not be determined that she was without fault in causing the overpayment. (Tr. 64.) The SSA did not thereafter pursue collection efforts against Plaintiff, but later collected the overpayment from the CIB she was awarded in 2002. (Tr. 33.)

she had the right to seek reconsideration of the denial of her application for waiver of the overpayment within sixty days of the denial on June 30, 1994.  Plaintiff failed to do so, and thus, her administrative remedies were not exhausted.

Plaintiff relies on the *Hearings, Appeals, and Litigation Manual* ("HALLEX") I-2-4-40 to argue that the Appeals Council could not apply the principles of *res judicata* in this case because of changes that were made to the Georgia probate code.  HALLEX I-2-4-40 provides, in pertinent part: "The ALJ may not use res judicata as the basis for dismissing [a request for a hearing] based on a current application when there has been a change in a statute, regulation, ruling or legal precedent which was applied in reaching the final determination or decision on the prior application." As the Commissioner correctly notes, a **final administrative decision** regarding a claimant's application for social security benefits themselves might preclude application of the principles of *res judicata.  (Comm. Br. 7)*(emphasis added).  The SSA's determination regarding a claimant's continuing entitlement to benefits, an overpayment of benefits, and whether those benefits must be repaid, however, are distinctly found by the Regulations to be **initial determinations** made by the SSA.  *See* 20 C.F.R. 404.902.  Thus, Plaintiff's reliance on HALLEX is misplaced.

Plaintiff also relies on *Butts v. Heckler*, a case from this Court which held that the principles of *res judicata* were not applicable where the claimant was found to be prejudiced by a lack of counsel and that evidence subsequently presented by later counsel revealed errors in the previous decision. *Butts v.* Heckler, No. 82-67-1-MAC, 1984 WL 62888 (M.D. Ga. Aug. 15, 1984).  As previously noted, however, Plaintiff did not file a

request for reconsideration of the denial of her application for waiver of overpayment. Instead, Plaintiff merely filed a second request for a waiver on May 30, 2003, after she was able to establish that Claimant was entitled to CIB.  Thus, the holding in *Butts* would not apply to this case, and Plaintiff's reliance on it is meritless.

For the foregoing reasons, it is found that Plaintiff, on behalf of Claimant, is not entitled to review of the Commissioner's decision not to review the denial of the waiver of overpayment in this case.

## CONCLUSION

WHEREFORE, it is the recommendation to the United States District Judge that the decision of the Commissioner be AFFIRMED because this Court is without the jurisdiction to grant Plaintiff the relief she seeks.  Pursuant to 28 U.S.C. § 636(b)(1), the Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this, the 29th day of June, 2012.

S/ STEPHEN HYLES
UNTED STATES MAGISTRATE JUDGE